UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARK COLIN JENNINGS, II,

        Plaintiff,

v.

ROBERT McQUEENEY et al.,

        Defendants.
_____/

Case No. 1:16-cv-1218

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Mark Colin Jennings, II presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility (ECF), though the actions about which he complains also occurred while he was housed at the Kinross Correctional Facility (KCF), the Carson City Correctional Facility, and the Richard A. Handlon Correctional Facility (MTU). All of the Defendants in this action are medical and psychiatric care providers. Plaintiff sues MDOC Bureau of Health Care Services employee Francine Westbrook and Ophthalmologist G. Kerstein. He also sues DRF Social Worker Betsy Sivic and DRF Doctor (unknown) Holmes. In addition, he sues the following KCF officials: Psychiatrist Robert McQueeney; Doctor (unknown) Canlas; Ophthalmologist Carolyn Pierce; Psychologist (unknown) Hooton; Social Worker Amy Klein; Nurse Practitioner Penny Rogers; and Nurses (unknown) Knack, Russell Defraetais, Matt Sizer, Dawn Eichers, Wendy Ball, Denny Miller, Shannon Martin, Lori Davis, (unknown) Williams, and Unknown Party. In addition, Plaintiff sues a number of ECF officials: Doctors Robert Crompton and (unknown) Shoos; Nurses Lori Dumas, and (unknown) Briske. Finally, he sues MTU Doctor (unknown) Glynn.

Plaintiff's allegations are minimal and conclusory. The majority of his factual allegations consists of a litany of the ailments he suffers: organic brain disease; oral lesions with pain; post-traumatic stress disorder; major depression with recurrent psychosis; panic attacks; Huntington's Chorea; cervical spondylosis and myelopathy with pain; cervical bone spurs with pain; hypertension; retinopathy; anterior spinal fusion from C5 through C7 with pain; gastrointestinal reflux disease; sleep apnea; anxiety disorder; refraction disorder; dysthymic disorder; closed dislocation of acromioclavicular joint with pain; chest pain; osteoarthritis with pain; traumatic spondylopathy with pain; hemoptysis; lumbago with pain; sciatica with

pain; acute bronchitis; recurring headaches from traumatic brain injury; loss of sight in the right eye and depth perception dysfunction in the left eye due to traumatic brain injury; hearing loss in the right ear due to traumatic brain injury; and neuroleptic malignant syndrome with decreased cognitive function. He alleges that he has requested medical and mental-health treatment from January 26, 2011 to the present from the listed Defendants. His only allegations against the individual Defendants consist of the claim that each Defendant "denied him treatment for these illnesses at" the respective facility. Plaintiff concludes with a summary statement:

> These defendant[]s have subjected the plaintiff to cruel and unus[ua]l punishment in violation of U.S. Const. Am. VIII by denying him medications and treatment for his serious medical needs since January 26, 2011 to the present. This deliberate indifference to the plaintiff's obvious medical needs was done with callous and reckless disregard to his safety resulting in him suffering from severe pain. His conditions have become exacerbated due to the lack of treatment which has advers[el]y impacted the plaintiff's daily activities causing old and new conditions to become worse and has made his life unbearable. This also violates Mich. Const. 1963, Art 1 § 16 which is protected by U.S. const. Am. 14.

(Compl., ECF No. 1, PageID.3.)

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.

*Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff previously sued all of the named Defendants – with the exceptions of Hooton, Pierce, Glynn, Williams, and Unknown Party – *Jennings v. Washington et al.*, No. 1:16-cv-483 (W.D. Mich.). Plaintiff's allegations

in that action consisted of conclusory claims against all Defendants for their unspecified failures to treat his medical conditions. In an opinion and order issued on May 31, 2016, this Court dismissed with prejudice all of the previously named Defendants for failure to state a claim. (1:16-483, PageID.32-42.) Plaintiff did not seek reconsideration or file an amended complaint in that action.

Upon review of the prior dismissal and a comparison of the conclusory allegations in the two complaints, the Court concludes that Plaintiff is barred from relitigating his claims against Defendants McQueeney, Sivic, Holmes, Klein, Hooton, Knack, Defraetais, Sizer, Canlas, Eichers, Ball, Miller, Martin, Davis, Rogers, Westbrook, Kerstein, Dumas, Briske, Crompton, and Shoos in this action by the doctrine of res judicata.

> Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. . . . This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1 (1984) (citation omitted). The doctrine of claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and

by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Defendants McQueeney, Sivic, Holmes, Klein, Hooton, Knack, Defraetais, Sizer, Canlas, Eichers, Ball, Miller, Martin, Davis, Rogers, Westbrook, Kerstein, Dumas, Briske, Crompton, and Shoos were named in the earlier action, in relation to their purported failures to treat Plaintiff's medical ailments. The issues were actually litigated and decided against Plaintiff in the earlier action in relation to those Defendants. Issue preclusion therefore bars relitigation of the claims here.

Moreover, to the extent that Plaintiff now names additional Defendants at the same facilities (Defendants Hooton, Pierce, Williams, and Unknown Party) in relation to the same failures to provide him medical treatment as raised and rejected in the earlier action, his claims should have been advanced in that case and so are barred by the doctrine of claim preclusion. Plaintiff's claims against Defendants Hooton, Pierce, Williams, and Unknown Party therefore will also be dismissed.

The only Defendant who was not named in the prior action and was not providing medical care at the same facilities involved in the prior action is Defendant Glynn, who allegedly provided (or failed to provide) medical care at MTU. Plaintiff's claims against Defendant Glynn, however, like his claims against all of the other Defendants in this action, are wholly conclusory. Plaintiff alleges only that Glynn "denied him treatment for these illnesses at Handlon Correctional Facility," where Plaintiff was housed sometime between January 26, 2011 and the present – a nearly six-year period. Plaintiff provides no

specific indication of what symptoms he described to Defendant Glynn (or any other Defendant), when he complained to Defendant Glynn, or what response he received. Plaintiff's allegations therefore contain only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ," *Iqbal*, 556 U.S. at 678, which do not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Because "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).[1]

Finally, even if not barred by res judicata or because the allegations are wholly conclusory, some portion of Plaintiff's complaint is barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.585(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the

---

[1] Because Plaintiff alleges no more against any Defendant than he does against Glynn, his claims against the other Defendants, even if not barred by res judicata, would be dismissed for failure to state a claim.

basis of his action. *Collyer*, 98 F.3d at 220.[2]

Much of Plaintiff's complaint is untimely. He asserts claims arising in January 2011 and continuing to the present. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Plaintiff did not file his complaint until October 6, 2016, well past Michigan's three-year limit for claims arising prior to October 2013. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002). As a consequence, Plaintiff's claims concerning incidents that occurred before October 2013 also are time-barred and subject to dismissal for that reason.[3]

---

[2] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[3] The Court also observes that, had Plaintiff's claims not been subject to dismissal with prejudice for the listed reasons, many of the claims would have been subject to dismissal without prejudice because they were improperly joined. Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE CIVIL § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v.*

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   November 7, 2016             /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge

---

*Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). Here, Plaintiff has joined in a single action 25 Defendants who provided different types of medical and mental health care over the space of nearly six years at four different prisons. Plaintiff utterly fails to allege that the claims against Defendants at one facility arise out of the same occurrence or transaction as those against Defendants at another facility. Plaintiff is hereby warned that any future omnibus complaints such as the instant action may be subject to partial dismissal for improper joinder.