UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MARK COLIN JENNINGS, II,

        Plaintiff,                           Case No. 1:16-cv-1218

v.                                            Honorable Paul L. Maloney

ROBERT McQUEENEY et al.,

        Defendants.

_____/

## ORDER GRANTING MOTION TO ALTER OR AMEND

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On November 7, 2016, the Court issued an opinion and judgment (ECF Nos. 6, 7) dismissing the complaint for failure to state a claim, in part because Plaintiff's complaint was conclusory and in part because the claims were barred by the doctrine of collateral estoppel. The matter presently is before the Court on Plaintiff's motion to amend the complaint (ECF No. 8), which the Court construes as a motion to alter or amend the judgment to permit the filing of an amended complaint.

       As the Sixth Circuit summarized in *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See GenCorp*, 178 F.3d at 834; *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D.

Mich. 1995) (and cases cited therein); CHARLES A. WRIGHT ET AL., 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 127-28 (2d ed. 1995).

In the proposed amended complaint attached to the brief in support of his motion to amend (ECF No. 9-5, PageID.123-131), Plaintiff makes new allegations against only one of the twenty-five Defendants named in his original complaint: Defendant Dr. Robert Crompton. Plaintiff asserts that, although he sued Defendant Crompton in the earlier action, his new allegations against Defendant Dr. Crompton are not barred by collateral estoppel because they involve incidents that occurred on March 18 and 28, 2016, September 20, 2016, and November 4, 2016. He contends that the four incidents raised in his proposed amended complaint were not in issue in *Jennings v. Washington et al.*, No. 1:16-cv-483 (W.D. Mich.), a case the Court dismissed for failure to state a claim.

Upon review, the Court concludes that, although Plaintiff sued Dr. Crompton in Case No. 1:16-cv-483, Plaintiff's new allegations suggest conduct by Crompton that was not the subject of the earlier action. Moreover, upon initial review, the Court concludes that the proposed amended complaint against Crompton states a claim. Therefore,

**IT IS ORDERED** that Plaintiff's motion to amend (ECF No. 8), construed as a motion to alter or amend the November 17, 2016 opinion and judgment and to amend the complaint, is **GRANTED** insofar as they dismissed Defendant Crompton.

**IT IS FURTHER ORDERED** that the judgment of November 17, 2016 is **VACATED** as to Defendant Crompton and the case is **REOPENED** to allow the filing of the proposed amended complaint (ECF No. 9-5) against Defendant Crompton.

**IT IS FURTHER ORDERED** that the proposed amended complaint (ECF No. 9-5) shall be docketed *instanter*.  By way of a separate order, the Court will direct service of the amended complaint on Defendant Crompton.


Dated:   December 12, 2016             /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge