UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARK COLIN JENNINGS, II,  )
# 711938,  )
 )
        Plaintiff,  )   Case No. 1:16-cv-1218
 )
v.  )   Honorable Paul L. Maloney
 )
ROBERT CROMPTON,  )
 )
        Defendant.  )
_____)

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The defendant is Robert Crompton, M.D. Plaintiff alleges that he suffers from a number of physical impairments. He alleges that Dr. Crompton violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. The constitutional claim relates to Dr. Crompton's denial of plaintiff's requests for "stronger pain medications, physical therapy, ultrasound therapy, magnetic resonance imaging, electromyography and nerve conduction stud[ies]." (ECF No. 12, PageID.214-15). Plaintiff seeks an injunction compelling defendant to provide him with specific narcotic pain medications, muscle relaxants, nonsteroidal inflammatory

drugs, and the above-referenced forms of therapy and tests. In addition, plaintiff seeks declaratory relief and damages.[1]  (*Id.* at PageID.216-17).

The matter is before the Court on defendant's motion for summary judgment. (ECF No. 23). Plaintiff opposes defendant's motion. (ECF No. 45, 46, 49). For the reasons stated herein, I recommend that defendant's motion be granted and that judgment be entered in his favor on all plaintiff's claims.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const.*, LLC, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

---

[1] All other claims have been dismissed. (ECF No. 6, 7, 10).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

### **Preliminary Matters**

Plaintiff's amended complaint is not properly verified, as he has interjected the limitations that the allegations are made on information and belief. (*See* ECF No. 12 at PageID.217). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). Accordingly, plaintiff's complaint will not be considered as his affidavit in opposition to defendant's motion. *See, e.g., Brown v. City of Grand Rapids*, No. 1:13-cv-964, 2016 WL 4920144, at *3 n.3 (W.D. Mich. June 13, 2016); *Naumovski v. Federal Nat'l Mort. Ass'n*, No. 15-11466, 2016 WL 949220, at *2 (E.D. Mich. Mar. 14, 2016).

"Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys.*, LLC, 357 F. App'x 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

The Court rejects plaintiff's arguments seeking to have Dr. Crompton's affidavit and the MDOC's medical records excluded from consideration. (*See* Plaintiff's Brief at 5, ECF No. 45, PageID.535). Dr. Crompton's affidavit satisfies all the applicable requirements. *See* FED. R. CIV. P. 56(c)(4). Plaintiff provides no coherent argument challenging the authenticity of the MDOC's medical records.

There is no need for a certified copy of the records.  *See* FED. R. CIV. P. 56(c)(2); *see also* FED. R. CIV. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Plaintiff asserts that the medical records are "hearsay," and accordingly should be excluded (Plaintiff's Brief at 5, ECF No. 45, PageID.535), but he provides no developed argument supporting his assertion.  Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.  *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012).  Further, medical records routinely qualify for the business records exception to the rule against hearsay.  *See Weatherspon v. Lnu*, No. 14-cv-12789, 2017 WL 928110, at *1 n.1 (E.D. Mich. Mar. 9, 2017); *Briggs v. Burke*, 2015 WL 5714520, at *2 (W.D. Mich. Sept. 29, 2015); *see also* FED. R. EVID. 803(6).  Nothing before the Court suggests that the medical records cannot be submitted in a form that would be admissible in evidence. *See* FED. R. CIV. P. 56(c)(2).

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections at the Oaks Correctional Facility (ECF).  Robert Crompton, a licensed physician, has been employed as a medical doctor at ECF since 2009.  Plaintiff arrived at ECF in February 2016.  Dr. Crompton is one of the medical care providers who treated plaintiff during the period

-5-

at issue, March 18, 2016, through November 4, 2016. (Crompton Aff. ¶¶ 1-3, ECF No. 23-1, PageID.296-97).

Plaintiff has a history of refusals of treatment and medication. He has engaged in drug seeking behavior. He attempts to direct his own care, generally disagrees with medical professionals, and would prefer opiate pain medications and that his treatment and evaluations be conducted at facilities outside the prison. Because plaintiff is a demanding and argumentative patient and his objective presentation is often at odds with his subjective complaints, it is difficult for medical providers to determine whether his complaints are legitimate. (Crompton Aff. ¶¶ 4-5, PageID.297). Plaintiff asserts that he needs "stronger pain medications, physical therapy, [a] TENS unit, ultrasound therapy and a wheelchair and [a] mattress to help relieve [his] pain." (Plf. Aff., ECF No. 46 at PageID.544).

On March 18, 2016, Dr. Crompton examined plaintiff. Plaintiff complained that he had cervical neck pain, and he claimed that he had difficulty tolerating numerous pain medications, including NSAIDS and acetaminophen. Dr. Crompton reviewed plaintiff's medical chart in order to determine the appropriateness of any alternative pain medication. Plaintiff's 2015 SIMS assessment was a particular concern. A SIMS assessment is a multi-axial, self-administered measure developed to serve as a screening tool for the detection of feigned or exaggerated psychiatric disturbance and cognitive dysfunction among adults. Plaintiff's test results revealed likely exaggeration and malingering of his pain symptoms. Plaintiff's

medical records also revealed a history of "cheeking" his medication. Plaintiff had inconsistent subjective signs of Huntingdon's Chorea. Nonetheless, Dr. Crompton performed a thorough physical examination, which was largely unremarkable. The doctor diagnosed plaintiff with hypertension, GERD, and cervicalgia. Dr. Crompton prescribed Zantac and Cozaar, and he scheduled plaintiff to return for a chronic care appointment in three months. (Crompton Aff. ¶ 6, ECF No. 23-1, PageID.297-98; ECF No. 25-1, PageID.314-16).

Plaintiff was examined by a nurse on March 22, 2016. Plaintiff was advised to incorporate stretching into his daily routine. He refused the Tylenol that was offered. (ECF No. 25-1, PageID.317-18). There is no evidence that plaintiff had interaction with a medical care provider on March 28, 2016.

Dr. Crompton examined plaintiff again on April 14, 2016. Plaintiff complained of persistent right side and back pain. Dr. Crompton observed that plaintiff did not appear to be in any physical distress. Plaintiff's neck had a decreased range of motion, but it was not tender. Plaintiff's back and spine were largely unremarkable. There was some mild reduced lumbar rotation. Dr. Crompton initially considered referring plaintiff to the Pain Management Clinic, but after further review of plaintiff's chart, which showed no change in symptoms, Dr. Crompton determined that a re-referral to the Pain Management Clinic was not medically indicated. (Crompton Aff. ¶ 7 ECF No. 23-1, PageID.298; ECF No. 25-1, PageID.330-31).

Plaintiff's next visit with Dr. Crompton was June 16, 2016. Upon examination, Dr. Crompton found that plaintiff was not in any acute distress. Plaintiff's deep tendon reflexes were preserved and symmetric. He was able to change positions from sitting to supine and back to sitting with smooth, direct movements. Physical activity was encouraged. Plaintiff's medications were continued. (Crompton Aff. ¶ 8, ECF No. 23-1, PageID.298; ECF No. 25-1, PageID.344-46)

On July 11, 2016, plaintiff told Dr. Crompton that he was having pain in his right shoulder stemming from an incident a few days earlier. Dr. Crompton found that plaintiff had "mild" tenderness over the coracoid process, but no hyperemia swelling or hyperthermia. Plaintiff was advised that he simply needed to give the healing process more time. (Crompton Aff. ¶ 9, ECF No. 23-1, PageID.298-99; ECF No. 25-1, PageID.359-60).

On August 16, 2016, plaintiff returned to Dr. Crompton. Plaintiff was in no apparent distress. He complained of right shoulder pain. Upon examination, Dr. Crompton found that plaintiff had "[m]ildy reduced" right shoulder hyperabduction. Plaintiff's internal and external shoulder rotation appeared full. Plaintiff was advised to continue taking the Mobic that had been prescribed and continue right shoulder exercises. Plaintiff requested surgical intervention. Dr. Crompton responded that it was not medically necessary. (Crompton Aff. ¶ 10, ECF No. 23-1, PageID.299; ECF No. 25-1, PageID.362-63).

On September 20, 2016, plaintiff complained that he experienced almost daily headaches after recent trauma above his right eye. Dr. Crompton found that plaintiff's consciousness was normal and that he was alert and oriented. He provided plaintiff with a prescription for Excedrin Migraine. (Crompton Aff. ¶ 11, ECF No. 23-1, PageID.299; ECF No. 25-1, PageID.367-68).

On November 4, 2016, plaintiff was examined again by Dr. Crompton. Plaintiff complained of shoulder, neck and back pain. Plaintiff denied experiencing incontinence of his bowel or bladder and he had no tingling in his extremities. Plaintiff was seeking to have his special accommodations rewritten and he wanted "cards" of Tylenol and Ibuprofen for pain control because he believed that Mobic was ineffective. Dr. Crompton found that plaintiff was able to rotate his head and neck without difficulty. He was able to lift his arms to shoulder level. He was able to step up to the scale, sit down on the examination table and move to supine position and back to sitting with smooth, direct, and rapids movements without any evidence of associated distress. Plaintiff was able to perform leg lifts and bend his knees to his abdomen without distress. There was no evidence of injury or trauma to plaintiff's thoracic or lumbar spine. Plaintiff's motor strength was "5 of 5." Dr. Crompton provided plaintiff with prescriptions for Tylenol and Ibuprofen and continued plaintiff's Mobic prescription. (Crompton Aff. ¶ 12, ECF No. 23-1, PageID.300; ECF No. 25-1, PageID.372-73).

Dr. Crompton continued to treat plaintiff after November 4, 2016. (Crompton Aff. ¶¶ 13-14, ECF No. 23-1, PageID.300-01; ECF No. 25-1, PageID.386-88). Dr. Crompton treated plaintiff in accordance with his medical judgment as a licensed physician. (Crompton Aff. ¶¶ 1, 17, ECF No. 23-1, PageID.296, 301).

## Discussion

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No

reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against Dr. Crompton.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component . . . requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n.5; *Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is

-11-

intended 'to prevent the constitutionalization of medical malpractice claims.' ") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550)).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs. The record shows that Dr. Crompton treated plaintiff's conditions and displayed no deliberate indifference. The claims that the doctor "should have" provided him with "different" medical care are at best, state-law malpractice claims.

Plaintiff's disagreement with the doctor's treatment falls short of supporting an Eighth Amendment claim. *See e.g., Hearington v. Pandya*, 689 F. App'x 422, 426- 7 (6th Cir. 2017); *Kosloski v. Dunlap*, 347 F. App'x. 177, 180 (6th Cir. 2009).

## Recommended Disposition

For the foregoing reasons, I recommend that defendant's motion for summary judgment (ECF No. 23) be granted and that judgment be entered in defendant's favor on all plaintiff's claims.


Dated:   December 1, 2017          /s/   Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985);

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).