UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK COLIN JENNINGS, II )<br>    PLAINTIFF, )<br> )<br>-V- )<br> )<br>ROBERT CROMPTON, )<br>    DEFENDANT. )<br> ) | NO. 1:16-CV-1218<br><br>HON. PAUL L. MALONEY |

## ORDER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On December 1, 2017, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R & R") recommending that the Court grant Defendant's motion for summary judgment because Plaintiff failed to provide evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs.[1] (ECF No. 55.)

The matter is before the Court on Plaintiff's Objections to the R & R. (ECF No. 56.) Defendant has filed a response to Plaintiff's Objections. (ECF No. 57.)

---

[1] Judge Green simultaneously issued another R & R—to be filed in a related case—that recommended reassignment of this case to Chief Judge Jonker. This second R & R was mistakenly docketed in this action as ECF No. 54. (*See* ECF No. 54 at PageID.611 (indicating that a *notice* should be filed on the docket for 1:16-cv-1218 to advise the undersigned of the pending reassignment).)

Judge Jonker has since rejected the R & R recommending reassignment of the instant case, so it is ripe for resolution. *See Jennings v. Crompton*, No. 1:16-cv-921, ECF No. 98. The Court will administratively terminate ECF No. 54 as it was docketed in error.

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Preliminary Issues

Plaintiff nestles requests for an extension of time to obtain additional medical records and for appointment of counsel within his objections. These requests are conceptually

distinct from his objections to the R & R, so the Court will deal with them separately, before reaching the merits of the objections.

Plaintiff's request for an extension of time is not properly before the Court because Plaintiff did not raise this issue in response to Defendant's motion for summary judgment. While the Magistrate Judge Act permits de novo review by the district court if timely objections are filed, it does not allow parties to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff's request is really a motion to reopen discovery and reset the case for another round of summary judgment motions—well after the deadlines imposed by the case management order. (ECF No. 13.) Given Plaintiff's failure to raise this issue prior to the issuance of an R & R recommending that Defendant's summary judgment motion be granted, the Court can discern no basis for accommodating Plaintiff's request.

Next, the appointment of counsel is within the discretion of the Court. 28 U.S.C. § 1915(e)(1). Judge Green twice denied Plaintiff's motions for appointment of counsel. (ECF Nos. 42, 50) In this latest request, Plaintiff has not raised exceptional circumstances, as is generally required for appointment of counsel in civil matters. *See Lavado v. Keohane,* 992 F.2d 601, 604-05 (6th Cir. 1993) (concluding that the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"). The Court, in its discretion, concludes that appointment of counsel is unwarranted here.

## Discussion

The Court will now address Plaintiff's objections to the substance of the R & R.

Plaintiff first objects to Magistrate Judge Green's findings of fact generally because in his view, the R & R did not provide a complete picture of his medical history. He asserts that the findings of fact should include a variety of medical treatments he received in 2017. He also asserts that he has requested his medical records from the Michigan Department of Corrections but has had his requests rebuffed or ignored. He says that these "undisclosed medical records will prove Dr. Crompton was deliberately indifferent to [his] medical needs . . . ." (ECF No. 56 at PageID.629.)

Plaintiff closes his objections by declaring that he has now been "prescribed physical therapy for his lower spine, neck, back, shoulders, and nerve damage. Had Dr. Crompton acted in conformity with the rest of the medical community[,] [his] nerve damage and lesions in [his] humoral head of [his] right arm would have been treated sooner and not become as severe as it has." (*Id.* at PageID.629.)

First, Judge Green did not err by including findings of fact related only to Defendant's treatment of Plaintiff's medical needs in 2016. There is no indication that the medical treatments carried out in 2017 have any relation to the deliberate indifference claim Plaintiff alleges as a result of the 2016 treatments. As Defendant notes in his response, "the fact that [Plaintiff] received certain medical care in 2017 does not prove that such medical care would have been appropriate in 2016." (ECF No. 57 at PageID.633.)

Second, even if an inference could be drawn from the 2017 medical treatment to conclude that a different medical provider would have followed a different treatment plan in 2016, it would still have no bearing on Plaintiff's deliberate indifference claim against Defendant Crompton because it is not relevant to Defendant's subjective knowledge of

4

Plaintiff's condition. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended to 'prevent the constitutionalization of medical malpractice claims.'" (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). Evidence that another medical provider opted for a different treatment plan is not evidence that the first medical provider deliberately disregarded a risk of substantial harm that was known to him. In other words, questions of medical judgment do not create constitutional claims. *See Youngberg v. Romeo*, 457 U.S. 307, 321 (1982).

Finally, Plaintiff asserts that, "[h]ad Dr. Crompton acted in conformity with the rest of the medical community[,]" (ECF No. 56 at PageID.629), he would have received quicker and more effective treatment. If it was not already clear, this argument makes it plain that Plaintiff's claim sounds in medical malpractice rather than deliberate indifference to medical needs. *Id.* Plaintiff has not raised any facts that "would show that [Dr. Crompton] subjectively perceived the facts from which to infer substantial risk to [him], that [Crompton] did in fact draw the inference, and that [Crompton] then disregarded that risk." *Dominguez*, 550 F.3d at 550 (citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

For these reasons, the R & R properly recommended that Defendant Crompton's motion for summary judgment be granted.

Accordingly,

**IT IS ORDERED** that the December 1, 2017 R & R (ECF No. 55) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the R & R (ECF No. 56) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to secure additional medical records and for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 58) is **DISMISSED AS MOOT**.

**JUDGEMENT TO FOLLOW.**

**Date:** January 26, 2018 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge